IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSÉ SOTO,

                Plaintiff,

  v.

NANCY WHITE, JEFFREY MANLOVE,
DONNA LARSON, BELINDA SCHRUBBE,
ANN YORK, GAIL WALTZ, AMY GUNDERSON,
ANN SCARPITA, and CHRYSTAL MARCHANT,

                Defendants.

OPINION and ORDER

17-cv-551-jdp

---

Pro se plaintiff José Soto is an inmate at Waupun Correctional Institution. He alleges that defendants failed to provide him with adequate medical care. Dkt. 9.

Soto has two motions pending: (1) a motion for a preliminary injunction against defendants' alleged retaliatory conduct, which he contends hinders his access to needed legal resources, Dkt. 33; Dkt. 58; Dkt. 61 and (2) a motion to take depositions, either using funds in his release account or by recording them without a court reporter, Dkt. 35. I held a telephonic hearing on the motion about the depositions and I asked defendants' counsel for a written response. Dkt. 57. I also asked defendants to respond to Soto's motion for preliminary injunction. Defendants have responded. Dkt. 73.

Soto's request for depositions raises difficult questions about how pro se inmates conduct discovery. The oral deposition is a fundamental tool of civil litigation, but the fees of a court reporter and the cost of a transcript put depositions out of reach for most prisoners. For reasons explained in this order, I will deny Soto's request that I direct the Department of Corrections to allow him to use his release account to pay litigation expenses because he hasn't identified a federal law that would give me authority to grant such a request. And I will not

allow Soto to take depositions memorialized only by audio or video recording without a court reporter. Such a deposition might meet the minimum requirements of Rule 30, but it poses practical problems. More important, allowing inmates to conduct such depositions would open the door to serious discovery abuse. If an inmate shows that unusual circumstances make a deposition actually necessary to fairly present his case, then it might be appropriate for the court to recruit counsel.

As for the motion for preliminary injunction, much of that motion concerns conduct that is not at issue in this lawsuit and belongs in a separate case. As for the aspects of the motion that are relevant to this case, defendants' evidence suggests that they are not impeding Soto's access to the court, and Soto's brief in reply does not meaningfully dispute that evidence. So I will deny that motion as well.

ANALYSIS

**A. Motion for leave to take depositions**

Soto says that he wants to take depositions of the defendants because their responses to his written discovery requests will be prepared by their lawyers and thus careful and guarded, whereas they would be more forthcoming if questioned in person. As a result, responses to written discovery would not provide an effective means of impeaching untruthful testimony at trial. But the expense of a traditional deposition before a court reporter poses an insurmountable impediment for Soto, as it does for most pro se litigants.

Soto makes a good argument for the usefulness of depositions as a general matter. A competent trial attorney would take the defendant's deposition in just about any civil case, particularly if the case turns on the credibility of witness testimony. A deposition will lock

down the witnesses' testimony, and perhaps draw out inconsistencies between that testimony and other evidence. The court of appeals for the Seventh Circuit has recently cited difficulties in "draw[ing] out inconsistencies in the testimony of the defendants and their witnesses" as one reason to appoint counsel for a pro se litigant in a case that came down to a swearing contest. *Walker v. Price*, 900 F.3d 933, 941 (7th Cir. 2018). Many pro se cases come down to a swearing contest, but, unfortunately, the court does not have enough volunteer attorneys to take every such case. So if there were some way to allow unrepresented inmates to take depositions, it might ameliorate the strategic disadvantage that the inmate will almost surely face at trial.

Soto first asks me to authorize him to use funds from his release account to pay for a court reporter. Ordinarily, the release account is reserved for the inmate's use after he is released, except in circumstances not present in this case. Wis. Admin. Code DOC § 309.466(2) ("Prior to release, the department may authorize the disbursement of release account funds for purposes that will aid the inmate's reintegration into the community or that will reimburse the department for incarceration costs, including legal loans and restitution."). But Soto is serving life without parole, so he says there is no point to holding his money in an account that he will never be able to use. Fair point.

The problem is that I cannot order DOC to give Soto access to his release account simply because I believe it is a reasonable request. I must have some legal basis for such an order and Soto hasn't identified one. *See Artis v. Meisner*, No. 12-cv-589, 2015 WL 5749785, at *5–6 (W.D. Wis. Sept. 30, 2015) ("Absent some authority *requiring* the prison to disburse [petitioner's] release account funds, the court declines to interfere in the administration of Wisconsin state prisons . . . ." (emphasis in original)). It is true that *state* courts in Wisconsin

have long allowed inmates to pay litigation fees and costs from release accounts. *See Spence v. Cook*, 222 Wis. 2d 530, 587 N.W.2d 904 (Ct. App. 1998). But the statutory basis for the state court ruling is Wisconsin's Prison Litigation Reform Act. That state law is not applicable to federal cases, which are governed by the federal Prison Litigation Reform Act. And even if the holding in *Spence* were applicable in this case, federal courts do not have authority to enjoin state officials under state law. *Smith v. Hepp*, No. 17-cv-396-bb, 2017 WL 4712229, at *2 (W.D. Wis. Oct. 18, 2017) ("It is up to prison officials to decide how to apply the release-account regulations; this federal court generally cannot tell state officials how to apply state law." (citing *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984))).

The bottom line is that Soto must identify a federal right that entitles him to use his release account for litigation expenses. Because Soto hasn't done that, I can't grant him the relief he seeks. *Sherin v. Pugh*, No. 11-cv-772, 2013 WL 4776462, at *2 (W.D. Wis. Sept. 5, 2013) ("While the Supremacy Clause of the United States Constitution requires state law to give way to a competing federal law in rare instances, there is no federal law that requires state officials to give prisoners money from their release account to pay the costs of prosecuting a civil lawsuit.").[1] Soto is free to try to persuade DOC officials to give him access to funds in his release account or to file a petition for a writ of certiorari in state court.[2]

---

[1] Soto does not argue that depriving him of funds from his release account qualifies as a denial of his constitutional right to have access to the courts, so I do not consider that issue. *Cf. Brown v. Kamphuis*, No. 17-cv-142, 2018 WL 1695517, at *4 (E.D. Wis. Mar. 30, 2018) (considering and rejecting access-to-courts claim because prisoner failed to show that "he lost a valid legal claim or defense because of his inability to access his money").

[2] Here, counsel for defendants does not object to Soto's using his release account for litigation expenses. If neither DOC nor DOJ objects to prisoners' using their release accounts in this way, they may amend the relevant policies and regulations accordingly.

Alternatively, Soto also asks me to authorize him to conduct depositions without a court reporter. He proposes to use inexpensive recording equipment and to have a record custodian or notary at WCI serve as the deposition officer. Perhaps this would satisfy the minimum requirements of Rule 30, but the judges of this district have said that the use of prison personnel as deposition officers would raise concerns about impartiality. *See, e.g., Artis*, 2015 WL 5749785, at *7 ("defendants' concerns with the impartiality [of prison personnel serving as officers] are not unreasonable"); *Mathews v. Raemisch*, No. 10-cv-742, at 2 (W.D. Wis. Oct. 31, 2011) ("impartiality problems arise from using any DOC employee as an officer"). Even if I assume that prison personnel could act impartially, Soto has not identified a member of the prison staff who has agreed to serve as the deposition officer. Rule 30 does not provide the court authority to compel someone to do so against his or her will.

A second practical concern is that a deposition has limited value without a transcript. A deposition cannot be introduced as evidence at trial unless the pertinent portions of the transcript are submitted to the court before trial. Fed. R. Civ. P. 26(a)(3)(ii). Similarly, if the deposition is to be used in support of, or in opposition to, a motion for summary judgment, this court's procedures require that the transcript of the entire deposition be filed first. *See* Dkt. 14, at 10 (Preliminary Pretrial Order). So, even if the deposition itself could be conducted without a court reporter, in most cases a transcript will have to be prepared sooner or later, and the inmate would have to bear that cost. Ultimately, I am persuaded that allowing pro se inmates to take recorded depositions without a court reporter would pose significant logistical problems.

Defendants also contend that allowing inmates to take depositions without a court reporter would impose excessive burdens on prison staff, the DOJ attorneys who defend inmate

5

cases, and the court. There is no question that giving pro se plaintiffs the opportunity to take depositions would be a lot of work for the DOJ. And it would be a burden for DOC employees to sit for depositions. Of course, if we had enough attorneys to appoint counsel in most inmate cases, these are burdens that the DOJ and DOC would have to bear, as they do in any counseled case. But I recognize that depositions conducted by inmates would pose special security concerns and impose burdens on DOC staff.

Defendants' best argument is that allowing pro se inmates to take depositions at no cost would open the door to abuse. For most litigants, the expense of taking discovery provides some incentive to keep discovery within reasonable bounds. For pro se inmates who are not paying for an attorney's time, the fees of the court reporter and the cost of the transcript are the only natural brake on taking depositions of defendants. If that brake were removed, inmates could name extra defendants, or even file extra lawsuits, simply to get the chance to confront a correctional officer in a deposition.

The deposition is a fundamental tool of civil litigation, but it's an expensive one. The indigent pro se litigant can use all the tools of written discovery, but a deposition without a court reporter poses such significant practical problems that I will not allow its routine use in inmate cases. I am not persuaded that Soto has shown that this case warrants an exception to that general policy. At this point at least, he will have to make do with written discovery requests. And if Soto could show that oral depositions were actually necessary to the fair presentation of his case, that would be one reason to recruit counsel for him.

**B. Motion for preliminary injunction**

Soto seeks numerous items of relief in his motion for a preliminary injunction, but only two of those are relevant to the issues in this case: (1) his request that I compel WCI to grant

him access to the law library; and (2) his request that I compel WCI personnel to return a bag of his legal materials that they allegedly confiscated. These requests implicate Soto's right to court access. Prisoners have a constitutional right to access the courts for purposes of challenging the conditions of their confinement, and states have a corresponding obligation to provide prisoners "adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977).

Defendants deny that WCI has hindered Soto's access to the legal resources he needs to prosecute this case. WCI's librarian says that he has no record that Soto submitted any requests for law library time while he was in general population from September 10 through October 3, 2018. Dkt. 64, ¶¶ 6–7. Soto does not address this evidence in his reply brief, or provide any documentation contradicting the librarian's declaration. Soto also says that he was denied access to legal resources between August 20 and October 14, 2018, when he was held in the restrictive housing unit. Inmates in restrictive housing can request "legal recreation" to work on their cases. Defendants submit records of the legal recreation requests that Soto filed while he was in restrictive housing, all of which were granted. Dkt. 63-1. Soto does not address these records in his reply brief. Instead, he continues to assert that there has been "no library given[,] period." Dkt. 78, at 15. But it appears from the record that WCI has accommodated all of his requests, and Soto provides no evidence demonstrating otherwise.[3]

---

[3] In his reply brief, Soto alleges, for the first time, that staff in the restrictive housing unit routinely deny computer access by falsely claiming that the internet is not working. He also alleges, again for the first time, that the defendants are interfering with his mail. The court will not entertain these allegations. Soto did not raise these issues in his opening briefs and, therefore, he has waived them. *United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 843 (7th Cir. 2018).

7

As for the missing bag of legal materials, defendants provide declarations from two WCI staff who say they have been unable to locate the allegedly missing materials. Dkt. 65 and Dkt. 66. I cannot order defendants to return what they cannot find, so an injunction is not appropriate.

The other requests for relief in Soto's motion for preliminary injunction are not germane to the claims in this suit. Soto alleges that he was (1) held in restrictive housing without cause and was issued a false conduct report; (2) placed in an unsanitary cell; (3) denied some of his shower items by Officer Blieler; (4) denied the extra blanket that he is entitled to have for medical reasons; (5) denied sufficient time for phone calls and threatened with further restrictions on his phone time; (6) denied one of his medications; and (7) harassed by security staff about filing so many lawsuits. None of these allegations relate to the subject of this suit, which concerns Soto's medical care. Entertaining them here would merely delay resolution of the case. If Soto wants to pursue them, he must file another lawsuit.

ORDER

IT IS ORDERED that:

1. Plaintiff José Soto's motion for leave to pay for depositions using release account funds or, alternatively, to conduct depositions without a third-party court reporter, Dkt. 35, is DENIED.

2. Soto's motion for preliminary injunction, Dkt. 33, Dkt. 58, Dkt. 61, is DENIED.

Entered December 5, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge